IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEROY C. BROWN,

                Plaintiff,

v.                        //   CIVIL ACTION NO. 1:13CV3
                               (Judge Keeley)

BRANDI [sic] MILLER, Unit Manager;
KAREN PSZCZOLKOWSKI, Associate
Warden of Operations; JOANIE HILL,
Supervisor Two; GREG YAHNKE, Associate
Warden of Programs/Immediate Supervisor;
LT. EDWARD LITTELL, Fire & Safety;
EVELYN SEIFERT, Warden; DALE GRIFFITH,
Case Manager; CECELIA JENISZEWSKI,
Prime Care Medical Administrator; JAMES
RUBENSTEIN, Commissioner, Dep't. of
Corrections; and JOHN DOE or JANE DOE,

                Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE

Pending before the Court is the civil rights complaint pursuant to 42 U.S.C. § 1983 filed by pro se plaintiff Leroy C. Brown ("Brown") (Dkt. No. 1). Also pending is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending the dismissal of Brown's complaint for failure to state a claim (Dkt. No. 16). For the reasons that follow, the Court **ADOPTS** the R&R and **DISMISSES** the complaint **WITH PREJUDICE**.

## PROCEDURAL HISTORY

On January 7, 2013, Brown filed a complaint in this Court, alleging that his civil rights had been violated by plaintiffs

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE

Brandy Miller, Unit Manager ("Miller"); Karen Pszczolkowski, Associate Warden of Operations ("Pszczolkowski"); Joanie Hill, Supervisor Two ("Hill"); Greg Yahnke, Associate Warden of Programs/Immediate Supervisor ("Yahnke"); Lt. Edward Littell, Fire and Safety ("Littell"); Evelyn Seifert, Warden ("Seifert"); Dale Griffith, Case Manager ("Griffith"); Cecelia Jeniszewski, Prime Care Medical Administrator ("Jeniszewski"); James Rubenstein, Commissioner of the Department of Corrections ("Rubenstein"); and, John or Jane Doe (Dkt. No. 1).

Brown alleges that these defendants, acting in their individual and official capacities, violated his civil rights during his incarceration at Northern Regional Correctional Center ("NRCC") by firing him from his job as a pod janitor, refusing to remove allegedly dangerous chemicals from NRCC, and retaliating against him for filing grievances. <u>Id.</u> Magistrate Judge Seibert construed these allegations as claims for retaliation, deliberate indifference, civil conspiracy, a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, <u>et seq.</u>, and a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, <u>et seq.</u> (Dkt. No. 16).

On February 22, 2013, Brown filed an amended complaint, largely reiterating the contentions in his original complaint (Dkt.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

No. 15). Magistrate Judge Seibert conducted an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and issued an R&R on March 13, 2013, recommending that the Court dismiss Brown's amended complaint for failure to state a claim on which relief may be granted (Dkt. No. 16). Brown objected to part of the R&R on April 8, 2013, and again on April 15, 2013 (Dkt. Nos. 19, 22).[1] After a _de_ _novo_ review of the portions of the R&R to which Brown has objected, the Court finds his objections are without merit and adopts the R&R in its entirety.[2]

**FACTUAL BACKGROUND**

As it must, the Court accepts the factual allegations in Brown's amended complaint as true for purposes of this initial review. Zak v. Chelsea, 780 F.3d 597, 601 (4th Cir. 2015)(internal citations omitted); see De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (applying the Fed. R. Civ. P. 12(b)(6) standard to

---

[1] Despite the different filing dates, Brown's objections are identical. The Court will therefore cite to the most recent set of objections, Dkt. No. 22.

[2] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review _de_ _novo_ only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

cases screened for failure to state a claim on which relief may be granted).

While an inmate at NRCC, Brown worked as a janitor on the D-1 Pod beginning on February 8, 2005 (Dkt. No. 1-3 at 63).  As part of his job duties, he was required to clean the showers, and was provided certain chemicals and cleaning products to use (Dkt. No. 16 at 2).

On August 30, 2012, Brown submitted a grievance asking when NRCC would hire an additional worker to help him clean the showers (Dkt. No. 1-2 at 1-2).[3]  He complained that, due to under staffing, he had been doing extra work, which he was "not able to do . . . because of health matters."  Id. at 2.  Pszczolkowski responded to Brown's grievance on September 10, 2012, informing him that she was "unaware of any medical issues which would preclude [him] from performing [his] duties," and advising him to "submit a nurse sick call slip and be evaluated" if he was suffering from health issues. Id. at 5.

---

[3] The Court adopts and incorporates by reference Magistrate Judge Seibert's thorough recitation of the facts (Dkt. No. 16).  It will not reiterate the facts surrounding Brown's exhaustion of the grievance process, which is not at issue here.  All of Brown's grievances were denied at Level One, affirmed at Level Two, and affirmed by the Commissioner of the Department of Corrections.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

On September 16, 2012, the medical staff at NRCC evaluated Brown, and advised him to "avoid chemicals," not to lift more than ten pounds, and to rest frequently to avoid shortness of breath (Dkt. No. 1-3 at 1). Because using chemicals was an intrinsic part of Brown's job, he lost his position as a pod janitor (Dkt. No. 1-2 at 6). Brown was paid for 30 days of work before NRCC terminated his job assignment. Id. at 12. On September 18, 2012, Brown filed a grievance seeking reinstatement, which was denied. Id. He complained that Pszczolkowski, who had advised him to seek medical attention after he complained of health issues, was discriminating against him based on his "disability." Id. at 7.

On September 20, 2012, Brown filed another grievance, asking why NRCC continued to use "dangerous" chemicals, knowing that such chemicals could "kill" someone with COPD, like him, and inquiring as to why NRCC had violated his rights by taking away his job. Id. at 9. Jeniszewski, the Prime Care Medical Administrator, advised Brown that the medical staff had issued a physician's order with job restrictions after he complained of shortness of breath. Id. at 8.

On October 2, 2012, Brown filed a grievance complaining that the West Virginia Department of Corrections ("DOC") had taken his job from him. Id. at 11. He accused Miller, his Unit Manager, of

covering up the truth.  <u>Id.</u>  That same day, Brown met with Pszczolkowski to discuss his grievance.  <u>Id.</u> at 12.  He was "uncooperative" and "refused to discuss this grievance," stating he would "take it to court."  <u>Id.</u>

On October 4, 2012, Brown filed a grievance accusing the DOC of discriminating against him for filing grievances.  <u>Id.</u> at 15. He contended that two other inmates who had been janitors were offered alternative assignments with less work for the same pay, "and you never once offer [sic] it to me, which shows discrimination against me."  <u>Id.</u>  On October 5, 2012, Hill offered Brown a position in the library as a video/games employee, which carried the same pay rate as his old job.  <u>Id.</u> at 12; Dkt. No. 22 at 14.  Brown refused to accept the position because he felt he would "mess it up."  <u>Id.</u>  On October 9, 2012, Hill offered Brown a position as a laundry worker, also at the same pay rate as his previous job, but Brown declined to accept that position, telling Hill he would "take the matter out to [c]ourt."  <u>Id.</u> at 13; Dkt. No. 22 at 14.

On October 9, 2012, Brown filed a grievance alleging that he had been exposed to a "substantial risk of serious harm" from the "dangerous" chemicals he used while performing his job as a pod

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

janitor.[4]  Id. at 17.  He argued that NRCC staff had never warned him about dangerous chemicals or told him to wear protective gear. Id.  Hill responded on October 16, 2012, informing Brown that, due to HIPAA privacy restrictions, staff at the NRCC had been unaware of his medical condition.  Id. at 18.  Hill noted that Brown had participated in a Portion Pac video training class on April 2, 2012, where he was instructed on the proper use of chemicals.  Id. NRCC also had provided Brown with Material Safety Data Sheets ("MSDS") for each chemical used at the facility, which Brown had been required to read.  Id.  None of the chemicals used at NRCC had been rated as hazardous, extremely dangerous, or deadly; furthermore, yellow rubber gloves and safety glasses were available for Brown's use.  Id.

Subsequent to filing this lawsuit, a doctor at NRCC cleared Brown to work with chemicals as long as he took a nebulizer treatment beforehand (Dkt. No. 22-1 at 8).  The record does not disclose whether Brown ever returned to his job as a pod janitor.

**STANDARD OF REVIEW**

The Court liberally construes pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however

---

[4] Brown filed a similar grievance on October 13, 2012, reiterating that the cleaning products at NRCC were dangerous (Dkt. No. 1-2 at 20-21).  That grievance was also denied.  Id. at 22.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)). Nevertheless, even under that liberal standard, the Court must dismiss <u>in forma pauperis</u> actions that are frivolous, malicious, or fail to state claims upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Similarly, in screening a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>De'Lonta</u>, 330 F.3d at 633 (citing <u>DeWalt v. Carter</u>, 224 F.3d 607, 611-12 (7th Cir. 2000)). In other words, a complaint - even a <u>pro se</u> complaint - must contain enough factual allegations "to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp. v.. Twombly</u>, 550 U.S. 544, 547 (2007); <u>see also</u> <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (<u>pro se</u> pleadings are not exempt from "<u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions"); <u>see also</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a <u>pro se</u> complainant must plead 'factual matter' that

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

permits the court to infer 'more than the mere possibility of misconduct.'" (citations omitted)).

## APPLICABLE LAW

Pursuant to 42 U.S.C. § 1983, a plaintiff may bring a claim against a person who, under color of "statute, ordinance, regulation, custom, or usage," deprives his rights under the United States Constitution or other laws. 42 U.S.C. § 1983 (2012). A plaintiff seeking to bring a claim under § 1983 must meet two requirements: (1) that the conduct complained of was committed by a person acting under color of law; and, (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured to him by the Constitution and the laws of the United States. Wirth v. Surles, 562 F.2d 319, 321 (4th Cir. 1977) (citing Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473 (1961)).

Generally, a public employee acts under color of law "while acting in his official capacity or while exercising his responsibilities pursuant to state law." Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994) (quoting West v. Atkins, 487 U.S. 42, 50, 108 S.Ct. 2250, 2255 (1988)). "The 'under color of state law' requirement has greater impact where the defendant is a private party not employed by the state." Conner, 42 F.3d at 223.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

Individual officials performing discretionary functions are immune from liability for civil damages insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); Covey v. Assessor of Ohio Cty., 777 F.3d 186, 195 (4th Cir. 2015).

Initially, when the well-pleaded facts in the amended complaint are taken as true, the Court must identify whether any statutory or constitutional rights were violated and then ask whether those rights were clearly established at the time of the violation. Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 816 (2009); Hunter v. Town of Mocksville, N.C., 789 F.3d 389, 396 (4th Cir. 2015). For a right to be clearly established, "every 'reasonable official would have understood that what he is doing violates that right.'" West v. Murphy, 771 F.3d 209, 213 (4th Cir. 2014) (quoting Ashcroft v. al-Kidd, __ U.S. __, 131 S.Ct. 2074, 2083 (2011)). A clearly established right, however, "need not be one with respect to which all judges on all courts agree." Owens v. Baltimore City State's Att'y Office, 767 F.3d 379, 395 (4th Cir. 2014). The Court, in its discretion, may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

M.C. ex rel. Crawford v. Amrhein, 598 F. App'x 143, 146 (4th Cir.
2015) (citing Pearson, 555 U.S. at 236).

"Qualified immunity protects public officials from suit when
the state of the law is such that they would not have known that
their conduct violates statutory or constitutional rights." Owens,
767 F.3d at 395 (citing al-Kidd, 131 S.Ct. at 2083). Qualified
immunity does not, however, shield officials who have acted
incompetently or knowingly have violated the law. Id. at 395
(internal citations omitted).

<u>**ANALYSIS**</u>

**I.   Civil Conspiracy Claim, ADA Claim, and Claims Against
Rubenstein, Seifert, and John/Jane Doe Defendant**

Magistrate Judge Seibert recommended dismissing Brown's civil
conspiracy claim, ADA claim, and claims against Rubenstein,
Seifert, and the John or Jane Doe defendant on the basis that Brown
had failed to state a claim on which relief may be granted (Dkt.
No. 16 at 9-12, 18-20). Brown did not object to these conclusions
(Dkt. No. 22). After careful review, finding no clear error, the
Court **ADOPTS** the recommendation in the R&R and **DISMISSES WITH
PREJUDICE** Brown's civil conspiracy claim, ADA claim, and claims
against Rubenstein, Seifert, the John or Jane Doe defendant. See
Webb, 468 F. Supp. at 825.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

## II.  Retaliation Claim

Brown contends that the DOC and staff at the NRCC retaliated against him for filing administrative grievances (Dkt. No. 1-2 at 7, 9, 15, 21).  According to Brown, the defendants retaliated by terminating him from his job as a pod janitor, mishandling his grievances, and continuing to expose him to chemicals.  See id. Magistrate Judge Seibert found that Brown had not stated a claim for retaliation for the following reasons:  (1) he has no constitutional right to file a grievance; (2) he has no constitutional right to a job in prison; and, (3) no evidence exists to support his retaliation claim (Dkt. No. 16 at 12-15).

Brown's only objection was that Pszczolkowski took "heedlessly [sic] and hostile actions" in retaliation for the filing of a grievance (Dkt. No. 22 at 15).  Brown failed to object to the other specific findings in the R&R.  Alvarez v. U.S. Dept. of Treasury, No. 1:10CV175, 2012 WL 3656496, at *1 (N.D.W. Va. Aug. 24, 2012) (holding that the Court "need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations" (internal quotation marks and citations omitted)).  To the extent Brown failed to object to the recommendation in the R&R regarding any defendants other than

12

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

Pszczolkowski, the Court finds no clear error and adopts those recommendations.  See id.

The evidence of record submitted by Brown fails to support his contention that Pszczolkowski retaliated against him by taking away his job, mishandling his grievances, or exposing him to chemicals. Rather, that evidence establishes that Pszczolkowski responded to Brown's grievances when she was the appropriate staff person to do so (Dkt. No. 1-2 at 5, 12).  Moreover, as Brown himself admits, it is clear that Pszczolkowski was not responsible for Brown's job loss.  Id. at 12, 15.  Finally, Brown has failed to establish that Pszczolkowski, the Associate Warden of Operations, exposed him to chemicals in retaliation for filing grievances.  For all of these reasons, the Court **ADOPTS** the recommendation in the R&R and **DISMISSES WITH PREJUDICE** Brown's retaliation claim.

## III. Deliberate Indifference Claim

Brown claims that defendants Edward Littell, who oversees fire and safety at NRCC, and Joanie Hill, a supervisor, violated his constitutional rights by exposing him to dangerous chemicals that are still being used in the showers and cell blocks (Dkt. No. 15 at 17).  Magistrate Judge Seibert construed these allegations as stating a claim of deliberate indifference to serious medical needs under the Eighth Amendment (Dkt. No. 16 at 15).  He concluded that

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE

Brown had failed to state a claim for deliberate indifference for the following reasons: (1) nothing in the record supports Brown's claim that any defendant deliberately endangered his health by exposing him to dangerous chemicals; (2) Brown received training on the cleaning products used in NRCC, and had access to gloves and safety goggles; and, (3) NRCC provided Brown with regular, timely medical treatment for his health issues. Id. at 15-18.

Brown's objections reiterate that the defendants "knowingly for years disregarded the plaintiff [sic] health . . ." (Dkt. No. 22 at 4). Apparently, the crux of his complaint is that, even after losing his job as a result of chemical exposure, the defendants still continue to use the same products at NRCC, thereby exposing him to further harm. See id. at 7, 14. Brown recites the caution statement on a germicidal detergent allegedly used at NRCC, as well as information from several MSDS, to support his claim that the chemicals are dangerous. Id. at 4-6.

A prisoner stating a claim under the Eighth Amendment for ineffective medical assistance must show that the defendant acted with "deliberate indifference" to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To succeed on such a claim, the prisoner must establish (1) that the deprivation of a serious medical need was sufficiently serious, and (2) that the

prison official subjectively acted with a sufficiently culpable
state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).

A serious medical condition is one that either has been
diagnosed by a physician as mandating treatment, or is so obvious
that a lay person would recognize the need for medical attention.
<u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st
Cir. 1990).  Prison officials act with a sufficiently culpable
state of mind when they are "aware of facts from which the
inference could be drawn that a substantial risk of serious harm
exists. . .," and also draw that inference.  <u>Farmer v. Brennan</u>, 511
U.S. 825, 835-37 (1994).  "To establish that a health care
provider's actions constitute deliberate indifference to a serious
medical need, the treatment must be so grossly incompetent,
inadequate, or excessive as to shock the conscience or be
intolerable to fundamental unfairness."  <u>Miltier v. Beorn</u>, 896 F.2d
848, 851 (4th Cir. 1990).  Mere disagreements between the inmate
and medical staff about a diagnosis or course of treatment do not
rise to the level of cruel and unusual punishment unless
extraordinary circumstances exist.  <u>Wright v. Collins</u>, 766 F.2d
841, 849 (4th Cir. 1985).

Brown's deliberate indifference claim fails because he cannot
establish that the defendants deprived him of a serious medical

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE

care need.  <u>Wilson</u>, 501 U.S. at 298.  Rather, the record is replete with references to the extensive medical care provided to Brown. <u>See, e.g.</u>, Dkt. No. 1-3, at 1-95.  He, moreover, as a pod janitor, was fully aware that he would be working with chemicals.  From his Portion Pac training class and the MSDS he studied, he also was aware of proper safety procedures.  In short, neither the allegations in the complaint nor the evidence of record supports the conclusion that the defendants deliberately endangered Brown's health.  The Court therefore **ADOPTS** the recommendation in the R&R and **DISMISSES** Brown's deliberate indifference claim **WITH PREJUDICE**.

## IV.  HIPAA Claim

Brown alleges that Jeniszewski exposed his private medical records, without his permission, to DOC staff to be "used against him" in violation of HIPAA (Dkt. No. 15 at 17).  He contends that Hill violated his HIPAA rights by obtaining a copy of his evaluation by the medical staff at NRCC.  <u>Id.</u> at 16.  Magistrate Judge Seibert found that Jeniszewski and Hill did not violate Brown's right to privacy under HIPAA by obtaining "the limited amount of medical information" necessary to perform their jobs (Dkt. No. 16 at 21).  He also noted that Brown voluntarily disclosed his own medical information to Jeniszewski and Hill by

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

repeatedly proclaiming that he suffered from COPD and only had one lung.  <u>Id.</u>

In his objection to this conclusion, Brown reiterated that he had never given the medical staff at NRCC permission to distribute his medical information (Dkt. No. 22 at 8).  Nevertheless, he contends Hill and Pszczolkowski were aware of his medical restriction.  <u>Id.</u> at 15, 19.

HIPAA prohibits the wrongful disclosure of unique health identifiers or individually identifiable health information.  42 U.S.C. § 1320d-6.  Disclosure of such records is permitted, however, "in the course of any judicial or administrative proceeding," or "in response to a subpoena, discovery request, or other lawful process."  45 C.F.R. §§ 164.512(e)(1), 164.512(e)(1)(ii).  HIPAA explicitly authorizes the Secretary of Health and Human Services to impose penalties on any person in violation of the Act.[5]  42 U.S.C. § 1320d-5(a)(1)(A)-(C).

The Fourth Circuit has yet to consider whether HIPAA creates a private cause of action.  <u>See</u> <u>Regan v. U.S. Dep't of Veterans</u>

---

[5] Although not relevant here, a state attorney general may bring a civil action to enjoin HIPAA violations or to obtain damages if the attorney general "has reason to believe that an interest of one or more residents of that State has been or is threatened or adversely affected by any person who violates a provision of this part. . . ." 42 U.S.C. § 1320d-5(d)(1).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

Affairs, 518 F. App'x 160, 160 (4th Cir. 2013) (per curiam) (affirming the judgment of the district court that HIPAA does not provide a private right of action without considering the issue because the plaintiff had waived the issue by not objecting). Nevertheless, the weight of authority in the Fourth Circuit, including this district, holds that HIPAA does not provide for a private right of action. See, e.g., Standiford v. Rodriquez-Hernandez, No. 5:10CV24, 2010 WL 3670721, at *4 (N.D.W. Va. Sept. 20, 2015) (Stamp, J.) ("Because HIPAA does not provide for a private right of action, however, the plaintiff has not stated a cognizable claim"); Carte v. United States, No. 2:07-0515, 2010 WL 3259420, at *8 (S.D.W. Va. Aug. 18, 2010) (Copenhaver, J.) (granting the defendant's motion for summary judgment and holding that no private right of action exists under HIPAA). Furthermore, to the extent Brown attempts to argue that disclosure of his medical information violated his constitutional right to privacy, it is well-established that "neither the U.S. Supreme Court nor the Fourth Circuit has ever recognized a constitutional right in the privacy of prisoners' medical records." Van Higgins v. Miller, No. 1:12CV297, 2012 WL 4511524, at *2 (W.D.N.C. Oct. 1, 2012). Accordingly, the Court **ADOPTS** the R&R and **DISMISSES WITH PREJUDICE**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**
**[DKT. NO. 16] AND DISMISSING COMPLAINT WITH PREJUDICE**

Brown's HIPAA claim because no private right of action exists under

HIPAA.

**CONCLUSION**

For the reasons discussed, the Court **ADOPTS** the R&R, **OVERRULES**

Brown's objections, and **DISMISSES** the case, in its entirety, **WITH**

**PREJUDICE.**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order

to counsel of record and the pro se plaintiff, certified mail,

return receipt requested, and to enter a separate judgment order.

 DATED:  February 2, 2016.


                                     /s/ Irene M. Keeley
                                     IRENE M. KEELEY
                                     UNITED STATES DISTRICT JUDGE